IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-02362-DDD-NRN

DENVER BIBLE CHURCH;
ROBERT A. ENYART;
COMMUNITY BAPTIST CHURCH; and
JOEY RHOADS,

    Plaintiffs,

v.

ALEX M. AZAR II, in his official capacity as Secretary, United States Department of Health and Human Services;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
CHAD W. WOLF, in his official capacity as Acting Secretary, United States Department of Homeland Security;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
STEVEN T. MNUCHIN, in his official capacity as Secretary, United States Department of the Treasury;
UNITED STATES DEPARTMENT OF THE TREASURY;
GOVERNOR JARED POLIS, in his official capacity as Governor, State of Colorado;
JILL HUNSAKER RYAN, in her official capacity as Executive Director, Colorado Department of Health and Environment; and
COLORADO DEPARTMENT OF HEALTH AND ENVIRONMENT,

    Defendants.

## ORDER REGARDING MOTION FOR PRELIMINARY INJUNCTION

Before the court are Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 13] and Updated Attorney Certification [Doc. 16], Plaintiffs' Motion In Limine [Doc. 14], and Plaintiffs' Motion to File a Brief Exceeding Page Limitations [Doc. 15].

- 1 -

It is ORDERED that:

To the extent Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 13] requests issuance of a temporary restraining order without notice to Defendants and an opportunity for Defendants to be heard, that request is DENIED because Plaintiffs have not met the requirements of Federal Rule of Civil Procedure 65(b)(1). The court will not hold a hearing on Plaintiffs' request for a temporary restraining order separate from a hearing on their request for a preliminary injunction. *See Sac & Fox Nation of Mo. v. LaFaver*, 905 F. Supp. 904, 906-07 (D. Kan. 1995) (when opposing party is given notice and opportunity to be heard, motion for temporary restraining order follows same procedures and is governed by same standards as motion for preliminary injunction (citing 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951, at 500 (1973)));

Defendants shall respond to the motion for preliminary injunction on or before August 27, 2020, and Plaintiffs may file a reply on or before August 31, 2020;

Plaintiffs' Motion to File a Brief Exceeding Page Limitations [Doc. 15] is GRANTED. Defendants' response to the motion for preliminary injunction shall not exceed 10,300 words, and Plaintiffs' reply, if any, shall not exceed 4,500 words;

Plaintiffs' Motion In Limine [Doc. 14] is DENIED. The Federal Rules of Evidence do not govern preliminary injunction hearings. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). And the concerns of Rules 401 and 403 apply differently where a jury has no role in the decision-making process. *See United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (improper to exclude

evidence as unfairly prejudicial under Rule 403 in bench trial (citing *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994))). The court is capable of hearing the evidence and assessing its relevance and probative value; the court will, as appropriate, disregard irrelevant evidence and reject any improper inferences. *See Schultz*, 24 F.3d at 632 ("For a bench trial, we are confident that the district court can" perform these tasks.);

A hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 13] ("Preliminary Injunction Hearing") is SET for September 9, 2020 at 9:00 a.m.; and

Pursuant to Federal Rule of Civil Procedure 43(c), all direct witness testimony shall be submitted by affidavit in advance of the Preliminary Injunction Hearing, and live testimony at the hearing will be limited to cross-examination and redirect examination. Defendants' witness affidavits shall be filed electronically concurrently with their response brief(s), and Plaintiffs' witness affidavits, to the extent not already in the record, shall be filed electronically on or before August 31, 2020. The parties are advised that the court intends to set time limits for the hearing and to focus the hearing on legal argument.

It is FURTHER ORDERED that:

In light of the conditions created by the ongoing COVID-19 pandemic, and pursuant to General Order Nos. 2020-3, 2020-6, 2020-9, 2020-10, and 2020-14, the Preliminary Injunction Hearing shall be conducted by video teleconference ("VTC"). No parties, attorneys, witnesses, or members of the public may attend the Preliminary Injunction Hearing in person;

The parties shall ensure that reliable video conferencing arrangements are made for themselves and their witnesses, and that witnesses testify from a room where there will be no interruptions and that has a connection with sufficient bandwidth;

Each party shall notify counsel for the opposing party of any exhibits it wishes the opposing party's witnesses to have for purposes of cross-examination on or before September 3, 2020. Each party shall ensure that its witnesses have copies of all exhibits that may be referenced during cross-examination and redirect examination; and

A VTC Status Conference is SET for September 3, 2020 at 10:30 a.m. to discuss procedures and logistics for the Preliminary Injunction Hearing. No parties, attorneys, witnesses, or members of the public may attend the Status Conference in person.

It is FURTHER ORDERED that:

The parties shall file their proposed exhibit and witness lists for the Preliminary Injunction Hearing on or before August 31, 2020. Exhibit and witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx;

The parties shall provide the court with electronic copies of their exhibits on or before August 31, 2020. Except for any video or audio exhibits, the exhibits shall be in PDF file format. The file name for each exhibit shall include the exhibit number and description (*e.g.*, "Exhibit 1 – Smith Affidavit"). Consult DDD Civ. P.S. II(C) regarding numbering of exhibits. The exhibits may be submitted by email to Domenico_Chambers@cod.uscourts.gov as attachments or via secure download link, or delivered to the court on USB flash drive. If submitted on flash drive, three copies shall be provided;

The parties shall exchange with each other, whether electronically or in hard copy, the exhibits listed on their exhibit lists on or before August 31, 2020;

The parties shall file an estimate of the time required for their cross-examination of each of the opposing party's witnesses by 1:30 p.m. on September 2, 2020; and

Any motions affecting the Preliminary Injunction Hearing shall be filed by 1:30 p.m. on September 1, 2020, with responses due by 1:30 p.m. on September 2, 2020, and no replies permitted without leave of court.

It is FURTHER ORDERED that:

Counsel are directed to contact the Courtroom Deputy via email (patricia_glover@cod.uscourts.gov) no later than three business days before the Status Conference for instructions on how to proceed with VTC;

Members of the public may attend the Status Conference and the Preliminary Injunction Hearing by teleconference at (866) 390-1828, using Access Code 9792296#; and

All persons participating in court proceedings remotely by VTC or teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner.

It is FURTHER ORDERED that:

Plaintiffs are directed to serve Defendants with a copy of this Order no later than August 18, 2020.

DATED: August 17, 2020                    BY THE COURT:

　
Hon. Daniel D. Domenico
United States District Judge

- 6 -