IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-02362-DDD-NRN

DENVER BIBLE CHURCH;
ROBERT A. ENYART;
COMMUNITY BAPTIST CHURCH; and
JOEY RHOADS,

       Plaintiffs,

v.

ALEX M. AZAR II, in his official capacity as Secretary, United States Department of Health and Human Services;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
CHAD W. WOLF, in his official capacity as Acting Secretary, United States Department of Homeland Security;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
STEVEN T. MNUCHIN, in his official capacity as Secretary, United States Department of the Treasury;
UNITED STATES DEPARTMENT OF THE TREASURY;
GOVERNOR JARED POLIS, in his official capacity as Governor, State of Colorado;
JILL HUNSAKER RYAN, in her official capacity as Executive Director, Colorado Department of Health and Environment; and
COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,

       Defendants.

## ORDER REGARDING SECURITY BOND FOR PRELIMINARY INJUNCTION

The court's Order Granting in Part Plaintiffs' Motion for Preliminary Injunction [Doc. 65] did not address the issue of a security bond. "The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs

and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The court must consider this issue even though the parties did not raise it in their briefing. *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 & n.1 (10th Cir. 1987).

The court has wide discretion in determining whether to require security. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003); *Brumfiel v. U.S. Bank*, No. 12-cv-02716-WJM, 2013 WL 1874186, at *7 (D. Colo. May 6, 2013) ("[T]he case law supports broad judicial discretion . . . in determining whether a bond need be posted at all." (collecting cases)). The court may require nominal security or no security at all where imposing a security requirement might impair the moving party's ability to enforce an important right. *Id.* at *8. This is particularly true when the plaintiff seeks to enforce a fundamental constitutional right against the government. *United Utah Party v. Cox*, 268 F. Supp. 3d 1227, 1260 (D. Utah 2017).[1]

---

[1] *Accord Abdullah v. Cnty. of St. Louis, Mo.*, 52 F. Supp. 3d 936, 948 (E.D. Mo. 2014) ("Given the constitutional issues at stake here and taking into account plaintiff's status as employee of a not-for-profit entity, I will set the bond in the amount of $100."); *Mullin v. Sussex Cnty., Del.*, 861 F. Supp. 2d 411, 428 (D. Del. 2012) (finding waiver of bond appropriate where defendants did not request bond and enforcement of "the federal right to be free from unconstitutional government establishment of religion" was at stake); *Complete Angler, LLC v. City of Clearwater, Fla.*, 607 F. Supp. 1326, 1335 (M.D. Fla. 2009) ("Waiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right."); *Westfield High Sch. L.I.F.E. Club v. City of Westfield*, 249 F. Supp. 2d 98, 129 (D. Mass. 2003) (recognizing "an exception to the security bond requirement . . . in 'suits to enforce important federal rights or public interests'"); *see also* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2954 n.29 (3d ed.) (collecting public rights cases where bond was excused or significantly reduced).

Plaintiffs here seek to enforce their fundamental right to free exercise of religion under the First Amendment to the United States Constitution, as set forth in detail in the court's preliminary-injunction order. The record is sparse as to their financial position, but they do not appear to be wealthy. [*See* Compl., Doc. 1 at ¶ 28(a) (Plaintiff churches are non-profit); Enyart Aff., Doc. 45-2 at ¶ 13 (Pastor Enyart feared that "we could actually lose our church entirely" if hit with fines for violating public-health orders); Rhoads Aff., Doc. 45-3 at ¶¶ 10-11 (church already facing hardship due to "enormous amount" of unbudgeted money spent on equipment needed for online and outdoor services).] The only mention of a security bond in the record appears in Plaintiffs' proposed order granting their motion for a temporary restraining order, where they propose that no security bond is necessary. [Proposed Order, Doc. 13-3 at ¶ 12.] Defendants did not respond to Plaintiffs' request that a security bond be waived, nor have Defendants requested a bond. Given these facts, the court finds it appropriate to waive a security bond in this case.

DATED: October 16, 2020

BY THE COURT:

Hon. Daniel D. Domenico