IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02362-DDD-NRN

DENVER BIBLE CHURCH,
PASTOR ROBERT A. ENYART,
COMMUNITY BAPTIST CHURCH, and
PASTOR JOEY RHOADS

       Plaintiffs

v.

ALEX M. AZAR II, in his official capacity as Secretary, United States Department of Health and
Human Services;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
CHAD F. WOLF, in his official capacity as Acting Secretary, United States Department of
Homeland Security;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
STEVEN T. MNUCHIN, in his official capacity as Secretary, United States Department of the
Treasury;
UNITED STATES DEPARTMENT OF THE TREASURY;
GOVERNOR JARED POLIS, in his official capacity as Governor, State of Colorado;
JILL HUNSAKER RYAN, in her official capacity as Executive Director of the Colorado
Department of Public Health and Environment,
COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,

       Defendants.

## PLAINTIFFS AND STATE DEFENDANTS' JOINT MOTION TO PARTIALLY STAY DISTRICT COURT PROCEEDINGS PENDING RESOLUTION OF PRELIMINARY INJUNCTION APPEALS

Plaintiffs Denver Bible Church, Pastor Robert A. Enyart, Community Baptist Church,

and Pastor Joey Rhoads ("Plaintiffs"), and Defendants, Governor Jared Polis, Executive Director

Jill Hunsaker Ryan, and the Colorado Department of Public Health and Environment (the "State

Defendants"), move to stay the district court proceedings solely as between them pending

resolution of the preliminary injunction appeals currently before the U.S. Tenth Circuit Court of Appeals, as follows.

## Certificate of Compliance with D.C.COLO.LCivR 7.1

Counsel for the State Defendants conferred with counsel for the Federal Defendants regarding this request. Counsel for the Federal Defendants oppose a complete stay of the district court proceedings but do not oppose a partial stay as to the proceedings between the State Defendants and Plaintiffs. Counsel for the Federal Defendants stated they intend to file a motion to dismiss as to their clients on October 29, 2020, and believe the district court may proceed to decide that motion even if proceedings between the State Defendants and Plaintiffs are stayed pending resolution of the appeals currently before the Tenth Circuit.

1.      This Court partially granted Plaintiffs' request for a preliminary injunction on October 15, 2020 and enjoined the State Defendants from enforcing discrete portions of their public health orders against Plaintiffs. [Doc. 65.]

2.      The State Defendants and Plaintiffs have filed notices of appeal and cross appeal, respectively, seeking the Tenth Circuit's interlocutory review of the Court's October 15 order under 28 U.S.C. § 1292(a)(1). [Doc. 66, 74.]

3.      In the interests of judicial economy and seeking clarity on the governing legal standard before proceeding to a full merits adjudication here, both Plaintiffs and the State Defendants request that this Court stay the trial-level proceedings as between them pending resolution by the Tenth Circuit of the issues presented by the notices of appeal and cross appeal.

4.      While a district court that has entered a preliminary injunction technically "retains power to act on the case" even when a party files an interlocutory appeal under 28 U.S.C.

2

§ 1292(a)(1), *State of Colo. v. Idarado Min. Co.*, 916 F.2d 1486, 1490 n.2 (10th Cir. 1990) (quotations omitted), that rule must be balanced with the practical reality that the pending appeal may "disrupt[ ] ongoing proceedings in the district court." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990). Indeed, the potential for disruption is "especially significant" when the appeal is interlocutory in nature and involves issues that are "central" to the remaining issues pending before the district court. *Id.* at 575-76. For that reason, the Tenth Circuit recognizes the general rule that a district court should refrain from exercising jurisdiction over issues directly related to the interlocutory appeal while the appeal is pending. *See Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) ("[W]hen an interlocutory appeal is taken, the district court retains jurisdiction to proceed with matters *not involved in that appeal*." (emphasis added)).

5.      Here, the primary issue left to be decided between Plaintiffs and the State Defendants is whether a permanent injunction should enter that mirrors this Court's preliminary injunction. But that implicates a core issue that the Tenth Circuit is currently considering— whether Plaintiffs are likely to succeed on the merits of their claim, thus entitling them to a preliminary injunction while the merits of their claim are fully considered. Because this issue is central to both the district court and Tenth Circuit proceedings, a "significant" risk exists that the appellate court proceedings may disrupt this Court's parallel proceedings if they are not stayed. *Stewart*, 915 F.2d at 575.

6.      Moreover, Plaintiffs and the State Defendants satisfy the *String Cheese* factors that apply when a court evaluates a request to stay discovery and disclosure-related deadlines. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006):

3

a. **Interest of Plaintiffs in Proceeding with Discovery**: Plaintiffs join in this request to stay. Thus, there is no prejudice to Plaintiffs.

b. **Burden on Defendants of Proceeding with Discovery**: Forcing Plaintiffs and the State Defendants to proceed with disclosures and discovery while the preliminary injunction appeals are ongoing would impose an undue burden on the parties, including the State Defendants. The State Defendants are currently engaged not only litigating this and multiple other COVID-19 related cases in state and federal court, they are also managing a statewide pandemic. As the Supreme Court has recognized even outside of the pandemic context: "If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009). Moreover, moving through discovery and disclosures would be premature before the Tenth Circuit has provided clarifying guidance on the governing legal standard, since the legal standard will inevitably affect the focus and scope of the parties' discovery and disclosures.

c. **The Convenience of the Court**: Proceeding with the merits of Plaintiffs' claims now, before the Tenth Circuit resolves the ongoing preliminary injunction appeals, may end up needlessly expending this Court's limited resources. Should the appellate court announce a new or clarified legal standard that governs Free Exercise claims during an ongoing pandemic, it may render the Court's

4

intervening case management orders obsolete and require starting the process anew. Staying the proceedings between Plaintiffs and the State Defendants pending resolution of the preliminary injunction appeals in the Tenth Circuit would thus be highly convenient to the Court.

d. **Interest of Nonparties**: This factor does not favor or disfavor a stay, particularly since the Court's preliminary injunction prevents enforcement only as to the Plaintiffs here. [Doc. 65 at 44.]

e. **Public Interest**: A stay here would serve the public interest in several ways: (a) avoiding "unnecessary expenditures of public and private resources on litigation"; (b) conserving judicial resources by allowing the Tenth Circuit to address potentially "dispositive issues early in the litigation"; and (c) conserving judicial and attorney resources by allowing the Tenth Circuit to "clarify[ ] and resolv[e] disputed legal issues at the earliest possible time." *Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015).

7.      Accordingly, Plaintiffs and the State Defendants respectfully request that this Court enter an order staying all proceedings as between them, including current responsive pleading deadlines, pending resolution by the Tenth Circuit of the notice of appeal and cross appeal of this Court's preliminary injunction.

Dated: October 29, 2020

PHILIP J. WEISER
Attorney General

s/ W. Eric Kuhn
_____

**_W. Eric Kuhn*_**
**_Corelle M. Spettigue*_**
Senior Assistant Attorneys General
**_Ryan K. Lorch*_**
Assistant Attorney General
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720-508-6143
FAX: 720-508-6041
Email: eric.kuhn@coag.gov
        corelle.spettigue@coag.gov
        ryan.lorch@coag.gov
Attorneys for Jill Hunsaker Ryan, in her official
  capacity as Executive Director, and the Colorado
  Department of Public Health and Environment
*Counsel of Record

s/ Grant T. Sullivan
_____

**_Grant T. Sullivan*_**
Assistant Solicitor General
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720-508-6349
FAX: 720-508-6041
Email: grant.sullivan@coag.gov
Attorney for Governor Jared Polis
*Counsel of Record

6

s/ Rebecca R. Messall

***Rebecca R. Messall\****
Messall Law Firm, LLC
7887 E. Belleview Avenue, Suite 1100
Englewood, CO  80111
rm@lawmessall.com

***J. Brad Bergford\****
Bergford Law
801 E. Florida Ave. Ste. 800
Denver, CO 80210
brad@bergfordlaw.com
Counsel for Plaintiffs
*Counsel of Record

## CERTIFICATE OF SERVICE

I certify that I served the foregoing PLAINTIFFS AND STATE DEFENDANTS' JOINT

MOTION TO PARTIALLY STAY DISTRICT COURT PROCEEDINGS PENDING

RESOLUTION OF PRELIMINARY INJUNCTION upon all parties herein by e-filing with the

CM/ECF system maintained by the Court, this 29th day of October, 2020 addressed as follows:

Rebecca R. Messall
Messall Law Firm, LLC
7887 E. Belleview Avenue, Suite 1100
Englewood, CO  80111
rm@lawmessall.com
*Counsel for Plaintiffs*

J. Brad Bergford
Bergford Law
801 E. Florida Ave. Ste. 800
Denver, CO 80210
brad@bergfordlaw.com
*Counsel for Plaintiffs*

Kyle Brenton
Jason Lynch
Assistant United States Attorney
United States Attorney's Office | District of Colorado
1801 California Street, Suite 1600
Denver, CO  80202
Email:    kyle.brenton@usdoj.gov
              jason.lynch@usdoj.gov
*Counsel for United States Defendants*

s/ Leslie Bostwick
**Leslie Bostwick**