IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-02362-DDD-NRN

DENVER BIBLE CHURCH;
ROBERT A. ENYART;
COMMUNITY BAPTIST CHURCH; and
JOEY RHOADS,

      Plaintiffs,

v.

XAVIER BECERRA, in his official capacity as Secretary, United States Department of Health and Human Services;
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;
ALEJANDRO MAYORKAS, in his official capacity as Secretary, United States Department of Homeland Security;
UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
JANET YELLEN, in her official capacity as Secretary, United States Department of the Treasury;
UNITED STATES DEPARTMENT OF THE TREASURY;
GOVERNOR JARED POLIS, in his official capacity as Governor, State of Colorado;
JILL HUNSAKER RYAN, in her official capacity as Executive Director, Colorado Department of Health and Environment; and
COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,

      Defendants.[1]

---

**ORDER DENYING PLAINTIFFS' MOTION
FOR INJUNCTION PENDING APPEAL**

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Xavier Becerra is automatically substituted for Alex M. Azar II, Alejandro Mayorkas is automatically substituted for Chad W. Wolf, and Janet Yellen is automatically substituted for Steven T. Mnuchin.

Before the court is Plaintiffs' motion for entry of an injunction pending interlocutory appeal of the court's order denying in part their request for a preliminary injunction. (Doc. 98.) The motion is denied.

## BACKGROUND

On October 15, 2020, the court issued an order granting in part Plaintiffs' motion for a preliminary injunction related to the public-health orders issued by the State of Colorado in response to the COVID-19 pandemic. (Doc. 65.) Plaintiffs had sought (1) to enjoin the State Defendants from enforcing against them any and all restrictions imposed by the State's public-health orders; and (2) to enjoin the Federal Defendants from providing any further COVID-19 disaster relief funds to the State so long as the State's allegedly unlawful public-health orders remained in effect.[2] (Doc. 13.) The court granted Plaintiffs' request to enjoin the State Defendants from enforcing: (1) the indoor occupancy limitations set forth in Public Health Order 20-35; and (2) the face-covering requirement set forth in Executive Order D 2020 138 and Public Health Order 20-35, where the temporary removal of a face covering is necessary to carry out religious exercise. The court denied Plaintiffs' request to enjoin any other restriction imposed by the State's public-health orders, and also denied Plaintiffs' request to enjoin the Federal Defendants from distributing disaster relief funds to the State.

---

[2] For purposes of this Order, "State Defendants" means Defendants Jared Polis, Jill Hunsaker Ryan, and the Colorado Department of Public Health and Environment ("CDPHE"). "Federal Defendants" means Defendants Xavier Becerra, the United States Department of Health and Human Services, Alejandro Mayorkas, the United States Department of Homeland Security, Janet Yellen, and the United States Department of the Treasury.

Both the State Defendants and Plaintiffs appealed the court's order on Plaintiffs' preliminary-injunction motion. (Doc. 66; Doc. 74.) The Tenth Circuit temporarily stayed the court's preliminary injunction (Doc. 73), but ultimately dismissed the State Defendants' appeal and vacated its stay order (Doc. 96). Plaintiffs' interlocutory appeal remains pending, and Plaintiffs have filed the instant motion requesting that, pending resolution of their appeal, the court impose the injunctive relief that it previously denied. (Doc. 98.)

## APPLICABLE LAW

While an appeal is pending from an interlocutory order that refuses an injunction, the court may "grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d); *see also* Fed. R. App. P. 8(a)(1)(C). In evaluating a motion for entry of an injunction pending appeal, the court must consider: (1) whether the movants have made a strong showing that they are likely to prevail on the merits of their appeal; (2) whether the movants will be irreparably injured if the injunction is not granted; (3) whether granting the injunction will substantially harm the opposing parties; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *accord Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 66 (2020) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); 10th Cir. R. 8.1(B)-(E); *Evans v. Bd. of Cnty. Comm'rs of Boulder, Colo.*, 772 F. Supp. 1178, 1181 (D. Colo. 1991). "There is substantial overlap between these and the factors governing preliminary injunctions [set forth in *Winter*,] not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## DISCUSSION

Plaintiffs' merits arguments in their motion for injunction pending appeal are largely those made in their original motion for entry of a preliminary injunction. For the same reasons the court held that Plaintiffs are unlikely to succeed on the merits of many of their claims before this court, they are unlikely to prevail on the merits of their appeal. Namely, it is likely to be determined that: (1) the Colorado Disaster Emergency Act ("CDEA") does not facially discriminate against religious exercise;[3] (2) most of the restrictions imposed by the State Defendants' public-health orders are neutral and generally applicable and satisfy rational-basis review; (3) the State Defendants' public-health orders are sufficiently comprehensible to a person of ordinary intelligence and not unconstitutionally vague; (4) individual notice and opportunity to be heard were not constitutionally required before the State Defendants issued their public-health orders; (5) Plaintiffs' claims alleging violations of the Colorado Constitution, the CDEA, and the Colorado Administrative Procedure Act ("APA") are barred by the Eleventh Amendment to the federal Constitution; and (6) Plaintiffs lack standing to bring their Religious Freedom Restoration Act and Stafford Act claims against the Federal Defendants. (Doc. 65.) The court is not persuaded that its determinations on these points are likely to be reversed on appeal. *See Parish Oil Co. v. Dillon Cos., Inc.*, No. 05-cv-00081-REB-PAC, 2007 WL 1063527, at *1 (D. Colo. Apr. 6, 2007) (movant that "merely rehashed

---

[3] Plaintiffs appear to assert that the court previously failed to address their "as-applied" challenge to the CDEA. (*See* Doc. 98 at 10 & n.15, 11.) To the contrary, it was Plaintiffs' likelihood of success on a portion of this claim that warranted the preliminary injunctive relief granted by the court. (*See* Doc. 65 at 20-29 (evaluating Plaintiffs' likelihood of success on merits of claim that State Defendants' application of CDEA via issuance of public-health orders violates Free Exercise Clause).)

arguments" court previously rejected had not shown it was likely to prevail on merits of appeal).

Two of Plaintiffs' arguments merit further discussion. First, Plaintiffs contend that the court must adjudicate their claim that the State Defendants lacked authority under state law to issue the disputed public-health orders. Plaintiffs assert that their claims alleging violations of the Colorado Constitution, the CDEA, and the Colorado APA are "predicate issue[s]" that the court must decide before it can proceed to analyze whether the public-health orders violate any federal constitutional provision. (Doc. 106 at 8-10.) Not so. As explained in the court's previous order, whether the State Defendants' orders "are void under state law" as Plaintiffs contend is not for this court to decide because the Eleventh Amendment likely precludes the court from adjudicating Plaintiffs' claims alleging violations of state law. (Doc. 65 at 37-38.) Plaintiffs cite *Osborn v. Bank of the United States*, 22 U.S. 738 (1824), in support of their argument that the court is required to decide "intertwined state law issues." (Doc. 106 at 9.) The Supreme Court held in *Osborn* that when a federal court has subject-matter jurisdiction over a federal claim, it also has so-called "pendent jurisdiction" to adjudicate related state-law claims over which it otherwise would not have jurisdiction. But "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). "A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment," even if the result is that pendent state-law claims must be split off and brought in state court. *Id.* at 121-22. Plaintiffs are not likely to prevail on their "*ultra vires*" argument on appeal because of Eleventh Amendment immunity.

Second, Plaintiffs argue that even if some restrictions in the State Defendants' public-health orders are neutral and generally applicable under *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990), such restrictions are nonetheless subject to strict scrutiny because (1) they unduly burden Plaintiffs' free exercise, and (2) *Cantwell v. Connecticut*, 310 U.S. 296 (1940), not *Smith*, controls the analysis here. In support of their first point, Plaintiffs cite Justice Souter's concurrence in *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993), and the Seventh Circuit's decision in *Listecki v. Official Committee of Unsecured Creditors*, 780 F.3d 731 (7th Cir. 2015). But whatever their merits, the cited concurrence and out-of-circuit opinion are not controlling authority.[4] The majority opinion in *Lukumi* and subsequent Tenth Circuit decisions hold that a neutral law of general applicability "need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." 508 U.S. at 531; *United States v. Hardman*, 297 F.3d 1116, 1126 (10th Cir. 2002) (even law that "substantially" burdens religious practice not subject to strict scrutiny if neutral and generally applicable).

In support of their second point, Plaintiffs note that the *Smith* Court characterized *Cantwell* and other prior decisions that had applied strict scrutiny to neutral and generally applicable laws as distinguishable because they "involved not the Free Exercise Clause alone, but the Free

---

[4] Indeed, it is questionable whether *Listecki* is even controlling authority in the Seventh Circuit with respect to the "subsequent [undue burden] step after the *Smith* test" applied in that case. *See Nat'l Inst. of Family & Life Advocs. v. Schneider*, 484 F. Supp. 3d 596, 624 n.27 (N.D. Ill. 2020) (noting that *Listecki* appears to be a lone outlier and other Seventh Circuit and Supreme Court decisions make no reference to this "subsequent step" after the *Smith* analysis).

- 6 -

Exercise Clause in conjunction with other constitutional protections." *Smith*, 494 U.S. at 881. Plaintiffs argue that this case falls into that category because the disputed public-health orders violate both their free exercise and due process rights. (Doc. 106 at 2-3.) But the court has held that the orders likely comply with due process. (*See* Doc. 65 at 29-37.) What is more, Plaintiffs did not make this argument in their original motion for entry of a preliminary injunction. There, they cited *Smith* and its progeny as the authority controlling the free exercise analysis, and argued that the disputed public-health orders should be subject to strict scrutiny because they are not neutral and generally applicable. (*See* Doc. 13 at 17-20.) Nowhere did Plaintiffs cite *Cantwell* or argue that a neutral and generally applicable restriction that "unduly burdens" religious practice should be subject to strict scrutiny. (*See id.*) A motion for injunction pending appeal should not be used to raise new arguments that could have been made at the outset in the preliminary-injunction motion; the Tenth Circuit likely will not consider such arguments on appeal. *United States v. Power Eng'g Co.*, 10 F. Supp. 2d 1165, 1170 (D. Colo. 1998); *O'Donnell v. Harris Cnty.*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017). Plaintiffs are unlikely to prevail on appeal on their argument that *all* of the restrictions in the State Defendants' public-health orders are subject to strict scrutiny.

The merits factor is "critical" to the analysis of whether to issue an injunction pending appeal. *Nken*, 556 U.S. at 434. But if Plaintiffs were to show that the three "harm" factors "tip decidedly" in their favor, the showing required on the merits factor would be "somewhat relaxed"— they need only show that they have raised "questions so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Fed. Trade Comm'n v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003). That

is not the case here. There is certainly harm to the Plaintiffs in being prevented from worshipping in the more intimate manner they desire—standing and sitting next to each other, shaking and holding hands, embracing, and engaging in other communal worship activities that involve close contact. The court sympathizes with these desires, and this harm to Plaintiffs likely is irreparable. But the court has determined that the State Defendants' prohibition on such activities likely does not violate Plaintiffs' free exercise rights under the circumstances. And the court cannot say that the harm to Plaintiffs tips the balance "decidedly" in their favor when it is weighed against the potential harm to the public if the State Defendants' compelling interest in limiting the spread of COVID-19 were hindered by a blanket prohibition on enforcement of *any and all* public-health restrictions—including those neutral and generally applicable restrictions as seemingly mild as requiring more frequent cleaning and sanitization of high-touch areas. Likewise, the public could be substantially harmed if the Federal Defendants were barred from distributing necessary disaster relief funds to the State. Because the balance of harms does not tip decidedly in Plaintiffs' favor, a strong showing on the merits factor is required.

## CONCLUSION

Plaintiffs have not made the required strong showing that they will likely succeed on the merits of their appeal, and their Motion for Injunction Pending Appeal (Doc. 98) is therefore DENIED.

Plaintiffs' motions (Doc. 99; Doc. 105) to file briefs that exceed the word limitations in the court's Practice Standards are DENIED AS MOOT. The court notes, however, that the number of words used by Plaintiffs in their briefs does not appear to have been necessary.

Plaintiffs are encouraged to make their arguments more focused and concise in the future.

DATED: March 28, 2021          BY THE COURT:

                                               _____
                                               Hon. Daniel D. Domenico